UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARK W. GIVLER,

    Plaintiff,

v.                                                  No.:    3:10-cv-92
                                                          (VARLAN/SHIRLEY)

BLOUNT COUNTY DETENTION CENTER
and CORPORAL BALL,

    Defendants.

## MEMORANDUM

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Because the plaintiff did not pay the $350.00 filing fee nor submit an application to proceed *in forma pauperis*, plaintiff was given thirty days to pay the filing fee or to submit the proper documents to proceed *in forma pauperis*. The plaintiff has failed to respond to the Court's order within the time required. Accordingly, the Court presumes that plaintiff is not a pauper and he will be assessed the full filing fee. In addition, this action will be **DISMISSED WITH PREJUDICE** for failure to prosecute and to comply with the orders of the Court. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S.

District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and accompanying Judgment Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of the Memorandum and Judgment Order to the Court's financial deputy.

    **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE